UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LUIS ACEVEDO,

                Plaintiff,

v.                                                  Case No. 21-cv-14-pp

HEATHER NICHOLS,

                Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO RECRUIT COUNSEL (DKT. NO. 16)**

---

      The court allowed plaintiff Luis Acevedo to proceed on an Eighth Amendment claim against Nurse Heather Nichols. Dkt. No. 9. The plaintiff since has asked the court to appoint a lawyer to represent him. Dkt. No. 16. The plaintiff says he recently returned from "a major surgery" and is recovering. Id. He says he "keep[s] receiving legal mail about [his] lawsuit but [he] has no legal knowledge." Id. The plaintiff says he contacted "several law offices" seeking counsel, but that all have declined to help him. Id. The plaintiff says he does not "know what to do or where to go from here," and he needs help. Id. He attached a letter from the Jeff Scott Olson Law Firm, which he contacted about his case. Dkt. No. 16-1. The letter says Attorney Olson reviewed "the facts of the letter that [the plaintiff] sent last month," but he "is not interested in taking [the plaintiff's] case." Id. at 1.

      In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th

Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

In particular, the lawyers' responses may have bearing on the court's decision to exercise its discretion because they may shed light on whether the plaintiff's attempts to hire counsel were reasonable. Pickett, 930 F.3d at 871. In deciding whether to recruit counsel, the court should consider the reasons

the lawyer declined representation, including whether the plaintiff was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. Id. The court should also consider how well the plaintiff articulated his case to the prospective lawyer. Id. Where a plaintiff "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for a court to intervene" and recruit counsel. Id. But, where a plaintiff is inarticulate, then a court "may have a useful role to play in recruiting counsel." Id.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at

491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The court also may consider the plaintiff's chances of succeeding in his lawsuit when deciding a motion for recruitment of counsel. Watts v. Kidman, 42 F.4th 755, 764 (7th Cir. 2022). The Seventh Circuit has instructed courts to "'be careful stewards of the limited resource of volunteer lawyers'—particularly in districts where the demand for pro bono services far outpaces the supply of law firms or solo practitioners with 'the resources to deploy aid.'" Id. (quoting Eagan v. Dempsey, 987 F.3d 667, 700 (7th Cir. 2021) (Easterbrook, J., dissenting in part) (cleaned up)). That means the court must consider "the perceived merits of—or likelihood of success on—an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." Id. "[E]ven where a litigant's claim is nonfrivolous and factually and legally plausible such that it survives § 1915(e)(2) screening, the recruitment of counsel is unwarranted if the plaintiff's 'chances of success are extremely slim.'" Id. at 766 (citing Cole v. Janssen Pharms., Inc., 265 F. Supp. 3d 892, 898 (E.D. Wis. 2017)).

The plaintiff attached only one response letter he received from a law firm he contacted about his case. The attorney at that firm did not comment on the merits of the plaintiff's case and said only that he was not interested in taking it. The plaintiff says he contacted "several law offices," but that all have turned him down. Dkt. No. 16. The court finds that, although the plaintiff provided the

court only one rejection letter from a law firm he contacted, he has demonstrated he attempted to recruit an attorney on his own before asking for the court's assistance. These efforts satisfy the first Pruitt inquiry.

But the court concludes that the plaintiff has not satisfied the second Pruitt inquiry. The plaintiff says he recently underwent major surgery and is now recovering. But he does not explain how this relates to his ability to litigate this case on his own or meet the court's deadlines. He says he has no legal knowledge, but this is true of most incarcerated plaintiffs. He says he needs help; this, too, is true for most incarcerated plaintiffs. As noted above, there are not enough attorneys willing and able to similarly represent incarcerated persons free of charge. The plaintiff has not given the court any explanation of why he is among those plaintiffs most in need of assistance litigating his case.

The plaintiff's filings to date suggest that at the present time he is capable of litigating this case effectively without counsel. The complaint was typed and easy to follow. The plaintiff thoroughly explained the facts, presented the claims he believes he stated against the defendants and clearly stated the relief he was requesting. That the court allowed him to proceed against only one defendant does not mean he is incapable of litigating his case on his own. If anything, that suggests the plaintiff should have an easier time representing himself in this lawsuit and presenting his side of the events. His letter requesting counsel is well-written and easy to read. Dkt. No. 16.

The court also finds that the plaintiff's chances of success in this lawsuit are slim, and the recruitment of counsel is unwarranted. The court allowed the

plaintiff to proceed only against defendant Nichols, and only on a claim that Nichols did not provide adequate medical treatment for his finger injury. Dkt. No. 9 at 13–14. The court noted in the screening order that the exhibits the plaintiff attached to his complaint "suggest that the plaintiff may not have been strictly following [a different nurse's] prescribed course of treatment. . . . It appears possible that the plaintiff did not follow the treatment plan and allowed his finger to worsen." Id. at 13. The court nonetheless allowed the claim to proceed because it was required to accept the plaintiff's allegations as true when screening the complaint. Id. The court will not be required to accept the plaintiff's allegations as true when considering a motion for summary judgment (although it will be required to view the facts in the light most favorable to him). The evidence he already has filed suggests that his claim against Nichols may fail because he—not Nichols—may be responsible for the worsening of his finger injury. The court finds that given the difficulty recruiting counsel in this district to represent plaintiffs free of charge, it would not be appropriate to recruit counsel to assist the plaintiff in this case.

The court understands the plaintiff's concern about the legal papers he has received. The court advises him to carefully read those papers. The court set a deadline of December 12, 2022 for the parties to complete discovery. Dkt. No. 15. As the court explained, this is the time during when parties exchange information about the case that will help them explain their side of the issues. Id. The parties then may file dispositive motions by January 11, 2023. Id. The plaintiff *is not required* to file a dispositive motion. In civil cases, it is more

6

Case 2:21-cv-00014-PP   Filed 10/04/22   Page 6 of 7   Document 17

common for defendants to file dispositive motions than for plaintiffs to file them. The plaintiff should not be concerned if he does not know how to respond to any dispositive motion the defendant files. The court will provide instructions to the plaintiff for responding when and if that time comes. If the plaintiff needs additional time to meet deadlines or respond to motions, he may ask the court for an extension of time. The court is willing to be flexible with deadlines and provide the time the parties need to litigate this case.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to recruit counsel. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 4th day of October, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**